10-824-cv
City of Newburgh v. Sarna

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to summary orders filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 21st of January, two thousand eleven.

PRESENT:

JOSÉ A. CABRANES,
REENA RAGGI,
                    *Circuit Judges,*
RICHARD K. EATON,
                    *Judge.\**

-------------------------------------------x

CITY OF NEWBURGH,

        *Plaintiff-Appellant-Cross-Appellee,*

    v.                                                   No. 10-824 (L)
                                                          10-1006  (XAP)

MARK SARNA, SARNA ENTERPRISES, INC., MT. AIRY/AIRE ESTATES, INC., NEW WINDSOR DEVELOPMENT COMPANY, LLC,

        *Defendants-Appellees-Cross-Appellants,*

DRAINAGE DISTRICT #6 – MT. AIRY ESTATES (THE RESERVE), TOWN OF NEW WINDSOR, NEW YORK,

        *Defendant-Appellee.*

-------------------------------------------x

---

\**The Honorable Richard K. Eaton, United State Court of International Trade, sitting by designation.*

FOR PLAINTIFF-APPELLANT-
CROSS-APPELLEE:                          MEAVE M. TOOHER (Marc S. Gerstman, *on the brief*),
                                         Law Office of Marc S. Gerstman, Albany, NY.


FOR DEFENDANTS-APPELLEES-
CROSS-APPELLANTS:                        J. BENJAMIN GAILEY, Jacobowitz & Gubits, LLP,
                                         Walden, NY.


FOR DEFENDANT-APPELLEE:                   MICHAEL D. BLYTHE, New Windsor, NY.

Appeal from a February 5, 2010 judgment of the United States District Court for the Southern District of New York (Colleen McMahon, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that plaintiff's appeal be **DISMISSED** insofar as it challenges the District Court's dismissal of the complaint against defendant Town of New Windsor. It is further ordered that the Sarna defendants' cross-appeal be **DISMISSED** insofar as it challenges the District Court's denial of defendant's motion to dismiss. In all other respects, the judgment of the District Court is **AFFIRMED.**

On June 2, 2009, plaintiff City of Newburgh ("plaintiff") filed a complaint alleging violations of the Clean Water Act ("CWA"), 33 U.S.C. § 1251 et seq., and state-law tort claims for trespass and public nuisance against defendants Mark Sarna et al. ("the Sarna defendants") and Drainage District #6 – Mt. Airy Estates (The Reserve), Town of New Windsor, New York ("Town of New Windsor," and, together with the Sarna defendants, "defendants"). Plaintiff sought the following relief: (1) a declaratory judgment that the Sarna defendants violated and continue to violate the CWA; (2) an injunction (a) prohibiting the planned expansion of the Mt. Airy Estates residential development, (b) compelling the Sarna defendants to achieve compliance with their State Pollution Discharge Elimination System permit, and (c) compelling the Sarna defendants to remove their structures from plaintiff's property; (3) civil penalties in the amount of the CWA's statutory maximum ($37,500 per day) for each CWA violation; (4) damages of $5 million for the Sarna defendants' alleged trespass on plaintiff's land; and (5) reasonable costs and attorneys' fees.

On February 5, 2010, after reviewing voluminous submissions by the parties, the District Court denied plaintiff's motion for a preliminary injunction and granted in part and denied in part defendants' cross motion to dismiss. The District Court held, *inter alia*, that plaintiff had not met its heavy burden in establishing that it was entitled to the extraordinary remedy of a preliminary injunction. It further held that plaintiff had adequately pleaded its claims against the Sarna

2

defendants, but that its claims against the Town of Windsor would be dismissed *sua sponte* for failure to afford adequate notice to defendant pursuant to 33 U.S.C. § 1365(b)(1)(A). Plaintiff appealed, and the Sarna defendants cross-appealed.

(i)

Defendant Town of Windsor asserts that we are without jurisdiction to review plaintiff's appeal insofar as it appeals the District Court's dismissal of the complaint against the Town of Windsor, because plaintiff did not specify in its notice of appeal that it wished to appeal that portion of the District Court's Decision and Order. The notice of appeal filed by plaintiff on March 5, 2010 states in its entirety:

> Notice is hereby given that the City of Newburgh, Plaintiff in the above
> named case, hereby appeals to the United States Court of Appeals for the
> Second Circuit from the Decision and Order Granting in Part and Denying
> in Part Defendants' Motion to Dismiss and Denying Plaintiff's Motion for a
> Preliminary Injunction, filed on the 5th day of February, 2010, and subject to
> the Order Denying Plaintiff's Motion for Reconsideration and or
> Reargument entered in this action on the 25th day of February, 2010.
> Specifically, plaintiff appeals pursuant to 28 U.S.C. § 1292(a)(l), that portion
> of the Decision and Order denying plaintiff's motion for a preliminary
> injunction. (emphasis supplied).

Under the circumstances, we agree with the Town of Windsor. *See* Fed. R. App. P. 3(c)(1)(B) ("The notice of appeal must . . . designate the judgment, order, or part thereof being appealed . . . ."); *see also New Phone Co. v. City of New York*, 498 F.3d 127, 130 (2d Cir. 2007) ("[O]ur jurisdiction is limited by the wording of the notice. . . . [W]e do not have the authority to waive the jurisdictional requirements of [Rule 3(c)]."). Plaintiff's appeal is dismissed insofar as it appeals the dismissal of the complaint against the Town of Windsor.

(ii)

The Sarna defendants cross-appealed the District Court's denial of defendants' motion to dismiss on the basis that the City Council of the City of Newburgh failed to authorize plaintiff's litigation. Plaintiff claims this cross-appeal should be dismissed as an improper interlocutory appeal. We are persuaded by plaintiff's claim.

The federal courts do not allow for interlocutory appeals except in limited circumstances. Here, defendants did not seek certification from the District Court permitting them to pursue an interlocutory appeal pursuant to 28 U.S.C. § 1292(b). *See Lynch v. City of New York*, 589 F.3d 94, 98

3

n.1 (2d Cir. 2009) (denying review of a motion to dismiss on an interlocutory appeal of a denial of a preliminary injunction). Although interlocutory review of the denial of a preliminary injunction may extend to all matters "inextricably bound up with the preliminary injunction," *Lamar Adver. of Penn, LLC v. Town of Orchard Park*, 356 F.3d 365, 371 (2d Cir. 2004) (internal quotation marks and brackets omitted), the question of whether the City Council authorized plaintiff's litigation does not fall within this category. Among other things, even if we were to determine that the City Council did not satisfy the technical requirements to authorize the litigation in the first instance, it is obvious that "[t]he City, through its Council, plainly supports this action, . . . wishes it to proceed[,] . . . [and would] vote to refile it immediately." *City of Newburgh v. Sarna*, 690 F. Supp. 2d 136, 146 (S.D.N.Y. 2010). Accordingly, the Sarna defendants' cross-appeal regarding the City Council's authorization is not "necessary to ensure meaningful review" of the issue of the preliminary injunction. *Swint v. Chambers Cnty. Comm'n,* 514 U.S. 35, 50-51 (1995). However, even if we did have jurisdiction over the Sarna defendant's cross appeal, we would affirm the relevant portion of the District Court's Decision and Order for substantially the reasons stated by the District Court.

(iii)

After considering plaintiff's other arguments in full, we find them to be without merit. The District Court's Decision and Order was comprehensive and well-reasoned. Accordingly, we affirm that Decision and Order for substantially the reasons stated therein.

**CONCLUSION**

To summarize:

(1) Plaintiff's appeal is **DISMISSED** insofar as it challenges the District Court's dismissal of the complaint against defendant Town of Windsor.

(2) The Sarna defendants' cross-appeal is **DISMISSED** insofar as it challenges the District Court's denial of defendants' motion to dismiss.

(3) In all other respects, the judgment of the District Court is **AFFIRMED.**

FOR THE COURT
Catherine O'Hagan Wolfe, Clerk of Court